Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
James Weiler, AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
MZoldan@zoldangroup.com
JMiller@zoldangroup.com
JWeiler@zoldangroup.com

Attorneys for Plaintiff
Antonio Clark

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Antonio Clark**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Benihana, Inc.,** a Delaware corporation, and **RA Sushi Holding Corporation,** a Delaware Corporation, | |
| | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Antonio Clark ("**Plaintiff**"), for his Complaint against Defendants Benihana, Inc. and RA Sushi Holding Corporation (collectively "**Defendants**" or the "**Company**"), hereby alleges as follows:

## PARTIES

1.  Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2.  Upon information and belief, Benihana, Inc. is Delaware Corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

3. Upon information and belief, Ra Sushi Holdings Corporation is a Delaware Corporation, which is registered to conduct business and is currently doing business in the state of Arizona.

## JURISDICTION AND VENUE

4. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq*. and the Family and Medical Leave Act, 29 U.S.C.A. § 2601, *et. seq.* ("**FMLA**").

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

6. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

7. Plaintiff was, at all relevant times, an employee of Defendants within the meaning of the ADA and the FMLA.

8. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce, employing fifteen or more employees, within the meaning of the ADA and the FMLA.

9. At all relevant times, Defendants have continuously been an employer of more than 50 employees, are an employer for the purposes of the FMLA, and are subject to FMLA requirements.

10. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

11. Personal jurisdiction in this Court is proper.

12. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

13. Plaintiff commenced employment with Defendants in or about 2008 as a contractor serving as a door host.

14. In or about 2013, Plaintiff was hired on by Defendants' as a Manager.

15. In or about 2015, Plaintiff was promoted to General Manager of Defendants' Ra Sushi Tempe location.

16. As of January 23, 2018, Plaintiff held the title of General Manager of Defendants' Ra Sushi Tempe location.

17. Throughout the duration of his employment with Defendants, Plaintiff performed at or above a satisfactory level.

18. In or around January 22, 2018, Plaintiff notified Defendants that he would need to take FMLA protected leave to treat for his disability.

19. Defendants approved Plaintiff's use of FMLA leave from January 23, 2018 through March 5, 2018.

20. Upon information and belief, on January 26, 2018, Defendants posted Plaintiff's General Manager of Ra Sushi Tempe as an open job on their "icims" job posting board.

21. On March 2, 2018, Plaintiff provided Defendants with a note from his treating physician returning him to work on March 5, 2018.

22. Upon returning from FMLA leave on March 5, 2018, Defendants did not communicate to Plaintiff what his schedule or job duties would be.

23. From March 5, 2018 through his termination on March 12, 2018, Plaintiff was barely spoken to by his co-workers.

24. After returning from FMLA leave his co-workers made jokes about him not being on conference calls while on FMLA leave.

25. On March 9, 2018, Plaintiff reported to Defendants' Human Resources Department the issues he was having with the poor work environment, that he still has not been put back on the schedule, and that his co-workers and supervisors were still not communicating with him.

26. On or about March 12, 2018, Plaintiff attempted to appear for work at the Ra Sushi Tempe location. Upon arriving, he was informed that he was no longer allowed on Defendants' property and that he needed to leave immediately.

27. Prior to showing up for work on March 12, 2018, Plaintiff had received no communication that he had been terminated or that he was not allowed on Defendant's property.

28. Defendants never provided Plaintiff with a reason for his termination.

29. Upon information and belief, Defendants terminated Plaintiff because of his disability.

30. Upon information and belief, Defendants terminated Plaintiff because he took protected leave pursuant to the FMLA to treat for his disability.

31. Defendants had actual and constructive knowledge of Plaintiff's disability.

32. Plaintiff's disability constitutes a serious health condition. Plaintiff

experiences a substantial limitation on the performance of several major life activities including, but not limited to, working.

33. Plaintiff's symptoms make it difficult for Plaintiff to perform normal daily activities at work without the ameliorative effects of prescribed medication.

34. Despite his disability, Plaintiff is able to perform the essential functions of his job position, with or without the requested accommodations, and has demonstrated that ability to Defendants.

35. On or about September 26, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

36. As a result of Defendant's actions, Plaintiff was damaged in an amount to be proven at trial.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

37. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

38. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

39. Plaintiff has a physical impairment that substantially limits a major life activity.

40. In the alternative, the length of time during which Plaintiff has experienced symptoms, and for which he will continue to suffer from, constitutes a record of impairment.

41. Plaintiff suffers from a disability which is a disability as defined by the ADA.

42. Defendants are an employer under the ADA.

43. Defendants knew of Plaintiff's disability.

44. Defendants treated Plaintiff disparately as compared to other similar situated non-disabled employees because of his disability.

45. Plaintiff is qualified to perform the essential functions of his position with or without a reasonable accommodation.

46. Defendants discriminated and retaliated against Plaintiff by terminating him due to his disabilities.

47. Plaintiff's disability was at the very least a motivating factor in Defendants' discriminatory conduct.

48. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

49. As a result, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT II
### RETALIATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

50. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

51. The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

52. Plaintiff engaged in protected activity by requesting reasonable accommodations and taking medical leave to treat for his condition.

53. Defendants retaliated against Plaintiff by terminating him due to his

disability.

54. Plaintiff's disability was at the very least a motivating factor in Defendants' retaliatory conduct.

55. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, job relocation and termination of employment.

56. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

57. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

58. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA. 29 U.S.C. § 2615.

59. Defendants employ more than 50 employees and as such, are an employer for purposes of FMLA, subject to FMLA requirements.

60. Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

61. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

62. Plaintiff provided sufficient notice of his need to take leave under the FMLA.

63. Defendants interfered with Plaintiff's medical leave by removing him from his pre-FMLA leave position as General Manager and terminating his employment.

64. Defendants terminated Plaintiff as a result of his requests and necessity for FMLA leave.

65. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, unnecessarily scrutinizing his work performance and termination of his employment.

66. Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

67. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

68. Defendants employ more than 50 employees and as such, are an employer for purposes of the FMLA, subject to FMLA requirements.

69. Plaintiff was an "eligible employee" and entitled to take leave pursuant to the FMLA.

70. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

71. Plaintiff exercised his rights under the FMLA.

72. Defendants discriminated and retaliated against Plaintiff by, *inter alia*, terminating him due to his taking leave pursuant to the FMLA.

73. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

74. Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants Benihana, Inc. and Ra Sushi Holding Corporation, as follows:

A. An award of damages for all counts in an amount to be proven at trial;

B. An award of compensatory and punitive damages in an amount to be proven at trial;

C. An award of back pay and front pay (deferring to Title VII remedial structure allowing award of back pay and other equitable relief (*see* 42 U.S.C. § 2000e-5(g)(1));

D. Pre- and post-judgment interest;

E. Reasonable attorneys' fees, costs and other expenses under the ADA and FMLA; and

F. Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on December 20, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd.
Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Antonio Clark